UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:  JONATHAN D. STRONG and         : CHAPTER 13
        ANITA LORRAINE PERRY-STRONG    :
           Debtor(s)                   :
                                       :
        CHARLES J. DEHART, III         :
        STANDING CHAPTER 13 TRUSTEE    :
                                       :
            vs.                        :
                                       :
        JONATHAN D. STRONG and         :
        ANITA LORRAINE PERRY-STRONG    :
           Respondent(s)               : CASE NO.  1-17-bk-01040

TRUSTEE'S OBJECTION TO SECOND AMENDED CHAPTER 13 PLAN

AND NOW, this  25th  day of July, 2017, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required.  More specifically,

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon the Means Test calculation and specifically disputes the following amounts:

   a. Plan payment calculation sum of Lines 34, 35, 36 45.
      ($590.86/month for 60 months)

2. Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7.  More specifically, debtor's have excess non-exempt equity in the following:

   a. Residential real estate.  (Second request)

3. Trustee avers that debtor(s)' plan is not feasible due to the following:

   a. The plan is underfunded relative to claims to be
      paid.  (York Adams Tax Bureau claim #16)

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

a. Deny confirmation of debtor(s) plan.
b. Dismiss or convert debtor(s) case.
c. Provide such other relief as is equitable and just.

Respectfully submitted:

Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/James K. Jones
Attorney for Trustee

CERTIFICATE OF SERVICE

AND NOW, this 25th day of July, 2017, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Paul Murphy-Ahles, Esquire
2132 Market Street
Camp Hill, PA 17011

/s/Deborah A. Behney
Office of Charles J. DeHart, III
Standing Chapter 13 Trustee